The Chief Justice
delivered the opinion of the court.
This was an action of ejectment, brought by the appel-lee against the appellants. The appellants upon being admitted defendants in the court below, jointly entered into the common rule, to confess the lease entry and ouster, in the declaration supposed, agreeing to insist upon the title only at the trial, and jointly pleaded not guilty. On the trial, after the evidence was closed, the appellants moved the court to direct the jury, that if they were of opinion, from, the evidence that the appellants were ¡severally possessed of distinct parcels under different titles, and that the eviction was a separate and not a joint one, they ought, by law, to find for the appellants: but the court overruled the motion, and refused so to instruct the jury; to which the appellants excepted; anda verdict and judgment having been given against them, they have appealed to this court.
. . That the court below decided correctly, in refusing to give the instructions asked for, we have no doubt. The appellants, ata proper stage of the cause, might, perhaps, in strict propriety, have required the appellee to proceed separately against each of them; but whether they might or might not have done so, is a question not at all material tobe discussed: For be that as it may, it is evident, after they had jointly entered into the common rule and pleaded jointly, that they could not avail themselves of the circumstance of their being tenants in severalty of distinct parcels of the land in dispute.
Under such a state of pleading, it was not a subject enquiry on the trial, whether they were tenants in severalty or pot, or whether there had been several or but one joint *108 eviction. For, by the terms of the common rule, the ouster or eviction was confessed by them, and the title of the premises in their possession, Was the only point upon which they had agreed to insist. '
Bibb for appellant, Hardin for appellee.
Judgment affirmed with costs.